UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:07-cr-85-ORL- 28 DAB
18 U.S.C. § 2252(a)(2)
TOMMIE J. QUINN  18 U.S.C. § 2253 - Forfeiture
 a/k/a "The Stik"

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

Beginning on or about November 15, 2005, and continuing through at least on or about July 26, 2006, in Brevard County, Florida, in the Middle District of Florida, and elsewhere,

**TOMMIE J. QUINN
a/k/a "The Stik"**

the defendant herein, did knowingly receive and distribute visual depictions that had been mailed, and shipped and transported in interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and knowingly reproduced a visual depiction for distribution in interstate and foreign commerce and through the mails, when (1) the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and (2) such visual depiction was of such conduct.

All in violation of Title 18, United State Code, Section 2252(a)(2) and (b)(1).

## FORFEITURE

1. The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 2253.

2. From his engagement in violations alleged in Count One of this Indictment, the defendant, TOMMIE J. QUINN, a/k/a "The Stik," shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253, all of his interest in:

    a. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of of this chapter;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of offense.

3. Specific property to be forfeited includes, but is not limited to:

    a. all printed or photographic images;

    b. non-pornographic photographs or identifiable child victims; and

    c. computer, computer storage devices, and media containing child pornography.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL,

_____
Foreperson

JAMES R. KLINDT
Acting United States Attorney

By: _____
Cynthia A. Hawkins
Assistant United States Attorney

By: _____
Carolyn J. Adams
Assistant United States Attorney
Chief, Orlando Division